# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EUKA WADLINGTON,**

        **Petitioner,**

vs.

                                          Case No. 17-cv-0449-DRH

**T. G. WERLICH,**

        **Respondent.**

## ORDER

**HERNDON, District Judge:**

    This matter is now before the Court for consideration of Petitioner's Motion for Leave to File Amended Petition (Doc. 31) and Motion to Appoint Counsel (which includes a request to withdraw as counsel) (Doc. 33). For the reasons set forth herein, the Motion for Leave to Amend and Motion to Withdraw as Counsel are **GRANTED**. The Motion to Appoint Counsel is **DENIED** without prejudice.

### Motion for Leave to File Amended Petition

    Petitioner filed the underlying habeas petition *pro se* on May 1, 2017. After the Government responded on October 6, 2017, counsel entered his appearance on behalf of Petitioner and replied by supplementing the record with new information in December 2017. This prompted the Government's Sur-Reply in January 2018 and Petitioner's request to file an amended petition in March 2018. However, Petitioner is not actually seeking to amend his petition but rather to summarize the arguments made to date and cite additional authority and/or arguments in support of the original petition. The Court will consider the authority and arguments to the extent they are relevant. Petitioner's Motion to

1

Amend Petition is **GRANTED**.

## Motion to Withdraw / Appoint Counsel

Counsel seeks to withdraw from representation of Petitioner due to a conflict, and the request is **GRANTED**. However, Petitioner's related request for appointment of new counsel is **DENIED** without prejudice at this time. There is no constitutional right to counsel in habeas corpus cases. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Pursuant to federal statute, the court *may* appoint counsel for an indigent habeas petitioner, and the appointment of counsel in such a case is governed by 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2254(h). However, neither statute creates a right to counsel. *Id*. These statutes give the district court broad discretion when making this decision with respect to a habeas petitioner.

Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010) (citing *Pruitt*, 503 F.3d at 654-55).

Petitioner asserts that he is indigent. (Doc. 33, pp. 2-3). However, he paid his filing fee for this action and offers insufficient evidence in support of this

assertion. *Id*. First, Petitioner indicates that he has not paid his attorney any fees to date in this habeas action, but this alone does not support a finding of indigence. *Id*. Second, Petitioner indicates that he was adjudicated indigent and appointed counsel in 2004, but his indigence in 2004 does not establish his indigence at this time. *Id*.

Further, Petitioner has disclosed no efforts to find counsel on his own before seeking the Court's assistance in recruiting counsel for him. (Doc. 33). Beyond describing the case as complex, Petitioner has not disclosed any impediments to self-representation, such as educational, medical, mental health, or language barriers to self-representation. Given the late stage of this case (*i.e.*, briefing is now complete or nearing completion) and the fact that Petitioner filed the habeas petition in this matter *pro se*, the Court deems it unnecessary to recruit counsel on Petitioner's behalf at this time, in light of the other considerations addressed herein. Having considered the difficulty of the case and Petitioner's competence to litigate it himself, the Court concludes that recruitment of counsel is not warranted now.

However, Petitioner may renew his request for counsel at any time. If he chooses to do so, Petitioner should produce a copy of his trust fund statement, so the Court can make a determination regarding his indigence. Petitioner should also provide evidence of his efforts to locate counsel on his own before seeking the Court's assistance, such as an affidavit listing the names of attorneys he has contacted and the response he received (including copies of letters from the attorneys who have declined to represent him). Finally, Petitioner should provide the information requested in this Court's standard motion for recruitment of

counsel to assist the Court is evaluating barriers to his self-representation.

For the foregoing reasons, Petitioner's Motion to File Amended Petition (Doc. 31) is **GRANTED**. The Clerk is **DIRECTED** to file the Amended Habeas Petition in CM/ECF. The Government may respond to any arguments or authority cited therein on or before 30 days from the entry of this order. By the same deadline, the Government shall address what impact, if any, the Seventh Circuit Court of Appeals' recent decision in *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018), has on this matter.

**IT IS ORDERED** that the Motion to Withdraw as Counsel is **GRANTED**, and the Motion for Appointment of Counsel (Doc. 33) is **DENIED without prejudice** at this time. The Clerk is **DIRECTED** to provide Petitioner with this Court's standard form Motion for Recruitment of Counsel for use in renewing his request for counsel, which he may do at any time during the pending action.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.25
10:17:50 -05'00'

United States District Judge